**Robert McCOY, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,
Respondent-Appellee.**

**No. 85–6086
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1986.

---

Michael J. Neimand, Susan Odzer Hugentugler, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Robert McCoy, appeals the denial of his pro se petition for writ of habeas corpus (28 U.S.C. § 2254) attacking his conviction on various counts entered upon his guilty plea.[1] McCoy alleges that he was denied effective assistance of counsel because counsel failed to investigate a possible insanity defense. He further alleges that counsel's failure to investigate caused counsel not to request a competency hearing.

We remand for an evidentiary hearing.

### Procedural History

In March, 1982, McCoy entered a guilty plea, pursuant to advice of counsel, on two counts of second-degree grand theft, and one count each of aggravated assault, possession of cocaine, and possession of narcotic implements. In April, 1985, McCoy filed a motion to vacate judgment and sentence pursuant to Fla.R.Crim.P. 3.850. The state trial court denied McCoy's petition without an evidentiary hearing. The denial was affirmed on appeal. *McCoy v. State*, 471 So.2d 130 (Fla. 3d D.C.A.1985).

In July, 1985, McCoy petitioned the federal district court for relief. McCoy first contended that he was unable to assist counsel in preparing a defense because on the day of his arrest he had consumed an excessive amount of alcohol and heroin and

---

1. Although it appears McCoy may have fully served his sentence under attack here, we conclude that we are not divested of jurisdiction as to this claim. The state represents that McCoy is still incarcerated on a separate charge and that his sentence on that charge is consecutive to the sentence rendered in this case and the state thus does not dispute jurisdiction. There being a positive and demonstrable relationship between the prior convictions and McCoy's present incarceration, this court has jurisdiction. *Sinclair v. Blackburn*, 599 F.2d 673 (5th Cir.1979), *cert. denied*, 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 654 (1980); *Diehl v. Wainwright*, 423 F.2d 1108 (5th Cir.1970).

thus was unable to recollect the facts surrounding his actions. Second, he alleged that he had been examined and treated a number of times by court-appointed psychiatrists and psychologists for heroin and alcohol abuse. Third, McCoy alleged he indicated to counsel that prior to the alleged offenses, he was examined by three court-appointed psychiatrists who testified in a separate criminal proceeding that in the event he were to be released that he "shall" continue treatment and medication. He was then allegedly placed on probation "under special conditions" in the custody of a doctor and two therapists while attending the "Mental Health Center" on an out-patient basis, a condition which he claims he subsequently breached. Finally, McCoy alleges counsel did not investigate his claim of a prior "history" of incompetency, thereby leaving undisclosed vital medical records that would have substantiated an insanity defense.

The district court denied relief. The district court accepted the magistrate's recommendation which offered three justifications for rejecting McCoy's claim. The magistrate found that the evidence that McCoy had previously been placed on probation in a separate criminal proceeding with the special condition that he continue to receive treatment and medication was supportive of the fact that McCoy had been found competent; this fact was counter to McCoy's contention that he was insane. The magistrate also found significant the fact that the court, upon inquiry of McCoy before receiving his guilty plea, received satisfactory answers establishing (1) that McCoy was not under the influence of drugs or alcohol on the day of the sentencing, (2) that he was satisfied with his counsel, and (3) that he was neither under the care of a psychiatrist nor had any mental problems. As to McCoy's claim of the existence of evidence of a "history of incompetency" substantiated by medical records, the magistrate concluded that McCoy had presented no more than bare allegations.

We must decide whether McCoy is entitled to an evidentiary hearing to determine whether his counsel was effective.

## Discussion

 Once a plea of guilty has been entered, non-jurisdictional challenges to the conviction's constitutionality are waived, and only a challenge to the voluntary and knowing nature of the plea can be raised. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The guilty plea is not knowingly and voluntarily waived, however, if the defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty. *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir.1983). The guilty plea does not relieve counsel of the responsibility to investigate potential defenses so that the defendant can make an informed decision. *Scott* at 429.

The Supreme Court has articulated a two-prong test for determining whether a litigant has been denied effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance fell below a threshold level of competence. Second, the defendant must show that counsel's errors due to deficient performance prejudiced his defense such that the reliability of the result is undermined." *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir.1986). The Supreme Court recently held that the *Strickland v. Washington* standard for evaluating claims of ineffective assistance of counsel also applies to guilty pleas. *Hill v. Lockhart*, —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The *Hill* Court, in elaborating upon application of *Strickland* to guilty pleas, stated that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." —— U.S. at ——, 106 S.Ct. at 370, 88 L.Ed.2d at 210. The *Hill* Court gave further guidance on addressing the *Strickland* analysis to guilty pleas:

In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry

engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is the failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

— U.S. at ——, 106 S.Ct. at 370, 88 L.Ed.2d at 210.

McCoy contends that it was error for the district court to fail to grant an evidentiary hearing on his ineffective assistance of counsel claim. The Supreme Court has enunciated a series of situations in which an evidentiary hearing is mandatory to determine the merits of a state prisoner's habeas corpus petition. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The *Townsend* Court stated "[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words, a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing "reliably found the relevant facts." *Townsend,* 372 U.S. at 311, 83 S.Ct. at 756, 9 L.Ed.2d at 785. The *Townsend* Court held that:

[A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend,* 372 U.S. at 313, 83 S.Ct. at 757, 9 L.Ed.2d at 786. No evidentiary hearing was held in McCoy's state collateral proceedings.

■ In order to have received an evidentiary hearing to determine his competency to assist in his defense, McCoy would have had to present clear and convincing evidence to create a "real, substantial, and legitimate doubt as to [his] mental capacity ... to meaningfully participate and cooperate with counsel...." *Adams v. Wainwright,* 764 F.2d 1356, 1360 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986). With regard to presentation of an insanity defense, under Florida law counsel must be able to present substantial evidence to show that McCoy did not know right from wrong at the time of the offenses. *Williams v. Wainwright,* 712 F.2d 1375 (11th Cir.1983). McCoy alleges sufficient facts which if proved, could merit relief as to his two alleged instances of ineffective assistance of counsel. Thus, he satisfies the threshold inquiry of *Townsend. Smith v. Wainwright,* 777 F.2d 609, 615 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986).

Construing McCoy's pro se appeal liberally, it is clear he contends that the facts underlying his claim were never adequately developed in the state court.[2] This court

---

**2.** We also impute to McCoy the *Hill* requirement that an appellant, in order to satisfy the prejudice prong of *Strickland,* must allege that he would have chosen not to plead guilty had counsel not been ineffective. *See Thompson v.*

addressed the requirements a federal habeas corpus petitioner must satisfy in order to obtain an evidentiary hearing based upon the fifth circumstance of *Townsend* —a claim that the material facts were not adequately developed at a state court hearing in *Thomas v. Zant,* 697 F.2d 977 (11th Cir.1983). In *Thomas,* we held that an evidentiary hearing is required if the petitioner shows (1) that a fact pertaining to his federal constitutional claim was not adequately developed at a state court hearing and that fact was "crucial to a fair, rounded development of the material facts" (quoting *Townsend* ) and (2) that failure to develop that material fact at the state proceeding was not attributable to petitioner's inexcusable neglect or deliberate bypass. 697 F.2d at 986.

McCoy clearly negotiates this hurdle. The procedural history of his case in the state system is dispositive as to both requirements. Since no evidentiary hearing was conducted in the state system nor in the federal system, no facts were developed. An evidentiary hearing would have resolved these factual issues. We therefore remand for an evidentiary hearing. *Cf. Wiley v. Wainwright,* 709 F.2d 1412 (11th Cir.1983).[3]

**VACATED AND REMANDED**

---

*Wainwright,* 784 F.2d 1103, 1107 (11th Cir. 1986).

**3.** This court denied appellant's claim that the district court erred in failing to grant him an evidentiary hearing on his constitutional claims in *Carter v. Montgomery,* 769 F.2d 1537. Appellant had been denied state habeas corpus relief after a hearing, and on federal habeas corpus claimed that material facts were not adequately developed at the state hearing. This court in

finding it proper for the district court to deny appellant an evidentiary hearing noted that appellant "does not explain which facts were not developed at the state hearing, nor does he make any attempt to demonstrate their materiality." 769 F.2d at 1543. This case is distinguishable, however, in that McCoy alleges with sufficient particularity the materiality of facts not developed at the state level.