914 F.2d 248
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny F. MITCHELL, Petitioner-Appellant,
v.
WARDEN, MARYLAND PENITENTIARY, Respondent-Appellee.
 No. 89-6846.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1990.
Decided Sept. 20, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (C/A No. 86-2273-HM)
 Johnny F. Mitchell, appellant pro se.
 Ronald Mark Levitan, Assistant Attorney General, Baltimore, Md., for appellee.
 D.Md.
 DISMISSED.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnny Mitchell appeals from the district court's dismissal of his 28 U.S.C. Sec. 2254 petition alleging various constitutional violations concerning his conviction for carrying a deadly weapon under Md.Code.Ann. art. 27, Sec. 36.
 
 
 2
 On June 15, 1982, Mitchell was convicted of kidnapping, assault with intent to rape, a first degree sexual offense, and carrying a deadly weapon. He was sentenced on July 26, 1982, to concurrent terms of twenty-five years, fifteen years, twenty-five years, and three years, respectively. He received credit on his sentences from April 9, 1981, the date of his arrest. He filed this Sec. 2254 petition on July 18, 1986.
 
 
 3
 Each of Mitchell's claims is based on an alleged discrepancy between the victim's description of Mitchell's knife given at the preliminary hearing and the government's evidence introduced at trial. During the preliminary hearing, the victim described the knife as "something like a pocketknife." At trial, she did not describe the knife. She read a police report which described the knife as a switchblade, and she averred that this report was a true account of her statement given to police. Another witness described the knife as a "shiny object." The proscription against carrying deadly weapons in Md.Code Ann. art. 27, Sec. 36(a) specifically excludes penknives without switchblades. Because of the inconsistent descriptions of the knife and the lack of evidence adduced at trial, the district court suggested that the state had failed to prove its weapons charge, but denied relief because it construed Mitchell's Sec. 2254 to not present a claim of insufficient proof.* Each of the other claims presented, all relating to the deadly weapon charge, were dismissed.
 
 
 4
 Federal courts have jurisdiction to entertain petitions for habeas relief only from those persons who are "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. Secs. 2241(c)(3), 2254(a). The Supreme Court has "interpreted this language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 57 U.S.L.W. 4537, 4538 (U.S. May 15, 1989) (No. 88-357). Since Mitchell's sentences were to be served concurrently, his three-year sentence on his deadly weapons conviction fully expired on April 9, 1984, more than two years before he filed his federal petition. Accordingly, the district court was without jurisdiction to hear his claims challenging this conviction. See Maleng, 57 U.S.L.W. at 4538; compare McCoy v. Wainwright, 804 F.2d 1196 (11th Cir.1986) (although sentence challenged had been fully served before filing of habeas petition, delay in serving consecutive sentence, for which petitioner was in custody at time of filing, yields jurisdiction under Sec. 2254); Harrison v. Indiana, 597 F.2d 115 (7th Cir.1979).
 
 
 5
 To the extent that Mitchell's claims can be construed to allege that the failure to prove what type of knife he carried prejudiced the jury's deliberations over whether they should find him guilty of a first degree sexual offense instead of a second degree offense, they are without merit. One element of a first degree offense that is not required to prove a second degree offense is that the perpetrator employ or display a "dangerous or deadly weapon or an article which the other person reasonably concludes is a dangerous or deadly weapon...." See Md.Code Ann. art. 27, Secs. 464, 464A. Even if the weapon were only a pocketknife rather than a switchblade, the jury could conclude that the victim reasonably believed Mitchell was wielding a dangerous weapon. Accordingly, assuming this peripheral claim was properly before the court, we find it to be without merit.
 
 
 6
 For the foregoing reasons, we deny a certificate of probable cause and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 DISMISSED.
 
 
 
 *
 The district court allowed Mitchell to file a subsequent Sec. 2254 petition limited to the proof issue. That petition is not before us