[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10539
Non-Argument Calendar

_____

D. C. Docket No. 04-00192-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN HENRY MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 24, 2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

John Henry Moore appeals his conviction following a guilty plea for bank

robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a).

On appeal, Moore argues that the district court abused its discretion by denying his motion to withdraw his guilty plea on the grounds that it had not been intelligently and voluntarily made. Moore asserts that the plea was not intelligent and voluntary because his counsel was deficient for not advising him of the defense of bank larceny.

We "review the denial of a request to withdraw a guilty plea for abuse of discretion." United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006), (quoting United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003)). A decision regarding a plea withdrawal request is not an abuse of discretion unless it is arbitrary or unreasonable. Id.

Rule 11 requires a district court, before it accepts a plea of guilty, to inform the defendant of, and determine that the defendant understands, his rights relevant to his plea of guilty. Fed. R. Crim. P. 11(b). After the district court has accepted a defendant's plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The provisions of this rule should be "liberally construed." United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). However, "[t]here is no absolute right to withdraw a guilty plea." United States v.

Medlock, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).

In determining if the defendant has met his burden for withdrawal, "a district court may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Brehm, 442 F.3d at 1298 (citing Buckles, 843 F.2d at 472). "There is a strong presumption that statements made during the [plea] colloquy are true." Medlock, 12 F.3d at 187. Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Gaddy v. Linahan, 780 F.2d 935, 943 (11th Cir. 1986) (citation omitted).

3

We have held that a guilty plea is not knowing and voluntary if the defendant does not receive "reasonably effective assistance of counsel in connection with the decision to plead guilty." McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986). In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court articulated a two-prong test for determining whether a defendant has been denied effective assistance of counsel. Id. "First, the defendant must show that the counsel's performance fell below the threshold level of competence. Second, the defendant must show that counsel's errors due to deficient performance prejudiced his defense such that the reliability of the result is undermined." Id. In Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. The Court held that "in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (internal quotations omitted). "[W]here the alleged error of counsel is the failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have

4

succeeded at trial." McCoy, 804 F.2d at 1199 (quoting Hill, 474 U.S. at 59, 106 S.Ct. at 371).

In the instant case, under the first prong of the Buckles analysis, Moore had the close assistance of counsel because his attorney met with him approximately five times before the plea hearing and discussed with him the elements of bank robbery. Although Moore claims that his attorney never discussed the elements of the offense with him or prepared him for the plea hearing, the district court did not abuse its discretion in discrediting Moore's testimony given the attorney's testimony that he advised Moore of the elements of bank robbery.

Under the second prong, Moore's plea was knowing and voluntary, and his counsel was not ineffective. The district court did not abuse its discretion in finding that Moore's attorney did not err in failing to discuss the larceny defense because Moore's conduct constituted bank robbery, not bank larceny. In addition, the district court did not abuse its discretion by relying on Moore's admissions made under oath at his plea hearing. The record reflects that the court reviewed the elements of bank robbery with Moore during the plea hearing, and Moore indicated that he understood what the government would have to prove at trial. Further, Moore admitted the facts supporting the elements of the offense. As Moore has not satisfied the first two prongs of the Buckles analysis, we need not address the

5

last two.

In sum, the district court did not abuse its discretion by denying Moore's motion to withdraw his guilty plea because his plea was knowing, voluntary, and counseled, and he did not provide any evidence demonstrating a fair and just reason for the withdrawal. Accordingly, we affirm his conviction.

**AFFIRMED.**