[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-16566
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00010-CR-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLY ANTHONY OLIVER,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
----------------------------------------------------------------

**(January 9, 2008)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Defendant-Appellant Willy Anthony Oliver appeals his conviction after pleading guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 100 kilograms of marijuana, 21 U.S.C. §§ 841 and 846. Oliver was sentenced to 240 months' imprisonment. No reversible error has been shown; we affirm.

Oliver challenges the district court's denial of his motion to withdraw his guilty plea. As he argued before the district court, Oliver contends that he did not knowingly and voluntarily plead guilty because his lawyer provided ineffective assistance of counsel. Oliver asserts, among other things, that his lawyer (1) did not discuss the possibility of receiving a mandatory minimum sentence, (2) informed Oliver that he would receive a sentence of less than 20 years' imprisonment if Oliver cooperated with the government, and (3) did not attend meetings with Oliver and the government to discuss Oliver's cooperation.[1]

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988)

---

[1]Oliver also asserts that his lawyer was inexperienced in handling federal drug cases and that Oliver filed objections to his presentence investigation report ("PSI") because his lawyer did not do so. But Oliver's lawyer testified that, besides other litigation experience, he had represented clients in two federal drug cases before representing Oliver. In addition, the filing of Oliver's PSI and his objections to it occurred after Oliver had pled guilty in this case. We also note that Oliver told the district court that he was satisfied with his lawyer's representation and that he had no complaints about his representation.

("It is well settled . . . that there is no absolute right to withdraw a guilty plea prior to imposition of a sentence. The decision to allow withdrawal is left to the sound discretion of the trial court."). Therefore, "[t]he district court may be reversed only if its decision is arbitrary or unreasonable." Id.

A defendant has the burden of establishing a "fair and just reason" for withdrawal of his guilty plea. Id. In deciding whether a defendant has met this burden, "the district court may consider the totality of the circumstances surrounding the plea," including these factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 471-72. "The timing of the [defendant's] motion to withdraw also deserves . . . consideration." United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). And "there is a strong presumption that the statements made during the [plea] colloquy are true." Id. at 800 n.8.

A guilty plea is not knowing and voluntary if the defendant does not receive "reasonably effective assistance of counsel in connection with the decision to plead guilty." McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986). To determine whether a defendant has been denied effective assistance of counsel, we

3

consider these things: "First, the defendant must show that the counsel's performance fell below the threshold level of competence. Second, the defendant must show that counsel's errors due to deficient performance prejudiced his defense such that the reliability of the result is undermined." Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986).

We see no reversible error in the district court's denial of Oliver's motion to withdraw his guilty plea. Under the first part of the Buckles analysis, we conclude that Oliver received close assistance from his lawyer. Oliver's lawyer testified that he reviewed the plea agreement with Oliver "paragraph by paragraph." And the record shows that Oliver conferred with his lawyer many times during his plea hearing -- which lasted over 1.5 hours and included recesses called by the district court to allow Oliver to confer with his lawyer -- before answering the district court's questions and eventually pleading guilty.

We also conclude that Oliver's guilty plea was knowing and voluntary. At Oliver's plea hearing, the district court explained to Oliver that he was charged with conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 100 kilograms of marijuana and that, if he was not involved with these drug quantities, then he should not plead guilty. Oliver -- testifying under oath -- responded "yes" when asked by the district court if he

4

helped to distribute more than five kilograms of cocaine. In addition, the district court told Oliver that, subject to limited exceptions described by the district court, he faced a 20-year mandatory minimum sentence, which was also discussed in Oliver's plea agreement.[2] And Oliver's lawyer testified that, before the plea hearing, he discussed with Oliver that Oliver was facing a 20-year mandatory minimum sentence.

We are also unpersuaded that the remaining Buckles factors support Oliver's argument. Oliver received a complete plea hearing and an evidentiary hearing on his motion to withdraw his guilty plea; judicial resources are conserved by denying Oliver's motion. And, as the district court discussed, the government would be prejudiced if Oliver withdrew his motion. Even though Oliver attempted to withdraw his guilty plea before he was sentenced, his codefendants have been sentenced and now have less incentive to cooperate with the government in a case against Oliver. We also note that Oliver moved to withdraw his guilty plea more than three months after pleading guilty. See Buckles, 843 F.2d at 474 (explaining that, in determining the prejudice to the government, a court may consider "the time, money, and effort the government would have to devote to reassembling

_____

[2]At his plea hearing, Oliver told the district court that he read his plea agreement "line-by-line and word-by-word."

5

witnesses and evidence that were allowed to scatter after the acceptance of the guilty plea").

In sum, we conclude that the district court did not abuse its discretion in denying Oliver's motion to withdraw his guilty plea. We affirm Oliver's conviction.

**AFFIRMED.**