[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13901
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20891-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 13, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal presents one issue: whether the district court abused its

discretion in denying appellant's motion to withdraw his plea of guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). We find no abuse of discretion and accordingly affirm.[1]

Appellant acknowledges that the plea colloquy the district court engaged in with him fully complied with the requirements of Federal Rule of Criminal Procedure 11.[2] He nonetheless argues that the district court abused its discretion given the totality of the circumstances before the court. That is, the court was fully aware that (1) he entered the plea in confusion and haste; (2) he was obviously dissatisfied with his counsel for delaying his review of the presentence report and for failing to file a motion to suppress the firearm at issue; (3) he was equivocal about entering the plea; and (4) a withdrawal of his plea would not have prejudiced the Government because his motion was filed only two months after he entered the plea.

Prior to sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P.

---

[1] We review the district court's decision denying a motion to withdraw a guilty plea for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). Such decision does not constitute an abuse of discretion unless it is arbitrary or unreasonable. Id.

[2] The three primary requirements of Rule 11 are: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Siegel, 102 F.3d 477, 480 (11th Cir. 1996).

11(d)(2)(B). In determining whether appellant met this burden here, we consider "the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the Government would be prejudiced if [appellant] were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988). In taking these factors into account, we presume that the statements appellant made during the Rule 11 plea colloquy were true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, appellant, having stated under oath that his plea was knowing and voluntary and free from coercion, bore a heavy burden to show that his statement was false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

The gist of appellant's argument focuses on the second factor cited above, whether his plea of guilty was knowing and voluntary. He contends that it was not because he did not receive "reasonably effective assistance of counsel in connection with the decision to plead guilty." McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986). Put another way, "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370,

3

88 L.Ed.2d 203 (1985).

In denying appellant's motion to withdraw his plea, the district court implicitly, if not explicitly, disagreed.  Although he initially appeared to be hesitant in tendering his plea of guilty, he admitted to the court counsel had not coerced him to plead guilty and that he fully understood the nature of the charge and the consequences of pleading guilty.  There was nothing in the record before the court which indicated that counsel's representation was constitutionally deficient.[3]  The court therefore did not abuse its discretion in denying the motion to withdraw.

AFFIRMED.

---

[3] The attorney representing appellant at the Rule 11 plea colloquy and at sentencing was the second attorney the court appointed to represent appellant.  Appellant was dissatisfied with his first attorney, who was discharged.