[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15659
Non-Argument Calendar

_____

D. C. Docket No. 07-00247-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAD BRANDON SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 17, 2009)

Before BIRCH, BLACK and FAY, Circuit Judges.

PER CURIAM:

Chad Brandon Smith appeals his conviction and sentence for committing a

sexual act with a minor, in violation of 18 U.S.C. §§ 2243(a) and 2246(2). Smith contends that the district court erroneously denied his motion to withdraw his guilty plea. He also argues that the court erroneously enhanced his sentence based on a prior state misdemeanor conviction for sexual misconduct. Finding no error, we AFFIRM.

## I. BACKGROUND

In October 2007, Smith was indicted for violating 18 U.S.C. §§ 2243(a) and 2246(2) as follows: "On or about June 17, 2006, at Gunter Air Force Base, . . . [Smith] did knowingly engage in a sexual act with a minor, who had attained the age of 12 years but who had not attained the age of 16 years, and who was at least four years younger than [Smith], and attempted to engage in a sexual act with the minor." Doc. 1. In January 2008, Smith pled guilty before a magistrate judge. Doc. 22 at 2. At that hearing, Smith averred that he had received a copy of the indictment and discussed the case fully with his counsel. Id. at 3-4. Smith also testified that his counsel had answered any questions Smith had about the case and that Smith was fully satisfied with his counsel's representation and advice. Id. at 4. Furthermore, Smith affirmed that he was pleading guilty of his own free will because he was in fact guilty. Id. at 5.

The district court then asked the government to state the elements of the

2

charge.  Id. at 8.  Among the elements listed by the prosecutor were that the defendant engaged in a sexual act with a minor as charged in the indictment and that the defendant did so knowingly.  Id. at 9.  Smith's attorney proceeded to lay a factual basis for the charge as follows:

> MR. PETERSEN: Mr. Smith, on or about the seventeenth of June did you knowingly have sex with a minor, to wit someone who was under the age of sixteen but older than the age of twelve?
>
> (Whereupon, Mr. Petersen conferred with the defendant off the record and out of the hearing of the other courtroom participants.)
>
> MR. PETERSEN: Your Honor, may I have a moment with my client?
>
> THE COURT: You may.
>
> MR. PETERSEN: Your Honor, we're ready to proceed.
>
> THE COURT: We were talking about the elements.
>
> MR. PETERSEN: Yes, Your Honor.  Mr. Smith, the minor female that we were discussing just a moment ago, did you subsequently learn that she was between the age of twelve and sixteen years old?
>
> A.  Yes, sir.
>
> MR. PETERSEN: Were you at least four years older than that individual?
>
> A.  Yes, sir.
>
> MR. PETERSEN: At the time you either had engaged in a sexual act with her or attempted to engage in a sexual act with her?
>
> A.  Yes, sir.

3

MR. PETERSEN: Your Honor, I believe that meets the elements of the offense.

Id. at 9-10.

Seeking to clarify Smith's knowledge of the minor's age, the prosecutor asked Smith whether the minor had told him when they met that she was about to turn sixteen. Id. at 10. Smith responded, "No, ma'am." Id. at 11. Smith also denied having a conversation with the minor's mother. Id. The government proffered that the evidence would show that the minor told Smith she was about to be sixteen, and that the minor's mother warned Smith not to call the minor because she was not of age. Id. at 12. The magistrate judge indicated that he would not accept the guilty plea if Smith was claiming that he did not know the minor was under sixteen at the time they had sexual relations. Id. A recess was taken to allow Smith's attorney to discuss this issue with Smith and another attorney representing Smith in the case. Id. at 12-13.

The following colloquy occurred after the plea hearing resumed:

MR. PETERSEN: Your Honor, if I may proceed with the questioning of my client?

THE COURT: Please.

MR. PETERSEN: Mr. Smith, were you aware that the minor female – or the female that you engaged in a sexual act with was sixteen years – had not yet turned sixteen?

4

A. Yes, sir.

MR. PETERSEN: Were you, at least at that time, four years older than she?

A. Yes, sir.

MR. PETERSEN: At the time of the sexual act, how old were you? If you remember.

A. Twenty-five or twenty-six.

MR. PETERSEN: Your Honor, I believe that establishes the knowingly component of the elements of the offense.

MS. HARDWICK: Your Honor, the Government is satisfied that it does satisfy the knowing component. The Government would ask the Court to reaffirm that he's entering this plea voluntarily and on his own.

Id. at 13. Upon further questioning, Smith reiterated that he understood his right to a trial and that he was entering his plea voluntarily and knowingly. Id. at 14. The magistrate judge found that Smith was aware of the nature of the charges and consequences of the guilty plea. The judge further found that the guilty plea was supported by an independent factual basis for each of the offense's essential elements. Accordingly, the magistrate judge accepted Smith's guilty plea. Id.

In April 2008, Smith, through new counsel, moved to withdraw his guilty plea. Doc. 24. Smith argued that his admission at the plea hearing about his knowledge of the female's age "was, at best, ambiguous as to *when* he found out

5

that she was less than sixteen years of age." Id. at 2. The district court denied the motion, finding Smith's assertion not credible. Doc. 30 at 3-5. Additionally, the court found that Smith was represented by three attorneys from the Federal Defender's Office and enjoyed the close assistance of counsel. Id. at 5-6. The court found that Smith's guilty plea was knowing and voluntary, a factor not challenged by Smith. Id. at 6. Furthermore, the expenditure of judicial resources in preparation for Smith's sentencing hearing weighed against a withdrawal, especially given that Smith waited three months to withdraw his plea and filed his motion eleven days before his scheduled sentencing hearing date. Id. at 6-7. Finally, the court found that the government would suffer prejudice because it had released witnesses, including some in the military, who might not be available for trial anymore. Id. at 7.

At a sentencing hearing in September 2008, the district court first determined that Smith qualified for a guideline enhancement under United States Sentencing Guideline § 4B1.5 ("U.S.S.G. § 4B1.5") for repeat and dangerous sex offenders against minors. Doc. 65 at 6. The enhancement was based upon Smith's prior state conviction for sexual misconduct in violation of Alabama Code § 13A-6-65. Id. at 4. Smith's criminal history category of V and his enhanced offense level of 34 yielded a guideline sentencing range of 235 to 293 months of

6

imprisonment. <u>Id.</u> at 8. The court then allowed Smith and his attorney to present any mitigating factors. Smith's attorney suggested that Smith was not a sexual predator of young children because the females involved in his prior state case and the instant case were both fifteen-year-olds. <u>Id.</u> at 8-9. Smith then spoke on his own behalf. For the first time, Smith alleged that the reason he wanted to withdraw his guilty plea was "because my first attorney told me – when I stated to him that this girl told me she was older than what she was, he told me that that was not a defense and it did not matter." <u>Id.</u> at 9. Smith said he did not know at the time he pled guilty that a lack of knowledge of the minor's age was a defense under federal law. <u>Id.</u> Smith did not call his prior attorneys or any other witnesses to testify regarding this allegation. After considering the 18 U.S.C. § 3553(a) factors, the court varied downward from the guidelines and sentenced Smith to 108 months of imprisonment and five years of supervised release. <u>Id.</u> at 16-18.

Smith raises two arguments on appeal. First, Smith contends that the district court erred by not allowing him to withdraw his guilty plea based on his assertion at the sentencing hearing that his attorney had misled him regarding a possible defense. According to Smith, the court should have considered this allegation in determining whether he had enjoyed the close assistance of counsel. Second, Smith maintains that the district court erred in sentencing Smith as a repeat and

dangerous sex offender under U.S.S.G. § 4B1.5.

## II. DISCUSSION

A. <u>Denial of Smith's Motion to Withdraw His Guilty Plea</u>

We will affirm a district court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. <u>See</u> <u>United States v. Medlock</u>, 12 F.3d 185, 187 (11th Cir. 1994). The court's decision must be arbitrary or unreasonable to constitute an abuse of discretion. <u>See</u> <u>United States v. Brehm</u>, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam). A defendant has no absolute right to withdraw a guilty plea before sentencing. <u>See</u> <u>Medlock</u>, 12 F.3d at 187. Withdrawal may be permitted after a guilty plea has been accepted but prior to sentencing if the defendant establishes a "'fair and just reason'" warranting withdrawal. <u>Brehm</u>, 442 F.3d at 1298 (quoting Federal Rule of Criminal Procedure 11(d)(2)(B)). Whether a fair and just reason exists requires consideration of all the circumstances, including: "'(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" <u>Id.</u> (quoting <u>United States v. Buckles</u>, 843 F.2d 469, 472 (11th Cir. 1988)). If an appellant does not satisfy the first two prongs of the <u>Buckles</u> analysis, we need not "give particular attention" or

8

weight to the last two.  United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

A plea may be involuntary when the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt."  Marshall v. Lonberger, 459 U.S. 422, 431, 103 S. Ct. 843, 849 (1983) (quotation marks and citation omitted).  A guilty plea is also not knowing and voluntary if the defendant was denied the effective assistance of counsel under the standards of Strickland v. Washington, 466 US. 688, 104 S. Ct. 2052 (1984).  See McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986) (per curiam).  In the context of a guilty plea, the defendant must establish that his counsel's performance was deficient, and that a reasonable probability exists that he would not have pleaded guilty but for his counsel's errors.  See id.  "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."  Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 371 (1985).

It is within the trial court's purview to ascertain the "good faith, credibility, and weight of a defendant's assertions in support of a" withdrawal request.  Brehm, 442 F.3d at 1298 (quotation marks and citation omitted).  A defendant's statements

9

made under oath at his plea colloquy are presumptively true. See Medlock, 12 F.3d at 187. Consequently, a defendant "bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam).

Considering the totality of the circumstances, the district court's denial of the motion for withdrawal was neither arbitrary nor unreasonable. Under the first Buckles prong, the record supports the district court's finding that Smith received the close assistance of counsel. Smith twice conferred with his counsel during the plea hearing regarding the factual basis for the plea. In addition, Smith averred that he had discussed the charge and evidence with his counsel, and stated that he was fully satisfied with his counsel's representation and advice. Smith has not rebutted the strong presumption that his statements, made under oath, were true. Accordingly, the district judge did not abuse his discretion in concluding that this factor did not warrant withdrawal of Smith's guilty plea.

The district judge also correctly found that Smith's plea was knowing and voluntary. Smith alleges that he did not know that his lack of knowledge of the minor's true age could be a defense to the charge because his attorney told him that his knowledge was irrelevant.[1] Smith's assertion is belied by his statements at his

---

[1] In a prosecution under 18 U.S.C. § 2243(a), the government is not required to prove that the defendant knew the age of the other person engaging in the sexual act. See 18 U.S.C.

10

plea hearing. The issue of Smith's knowledge of the minor's age was a key issue at that hearing. The magistrate judge made clear that he would not accept a guilty plea unless Smith admitted that he knew the female was under sixteen at the time they had sex. The judge even permitted Smith time to confer with his attorneys on this issue. Following a recess, Smith acknowledged that he was aware that the minor female he had sex with had not yet turned sixteen. We agree with the district court that "[w]ithin the context of the colloquy, it is clear his attorney was referencing the time of the sexual act when he used the past tense." Doc. 30. at 5. The district court therefore correctly discredited Smith's current claim that he did not know the female was less than sixteen years old at the time they had sexual relations.

Moreover, Smith has failed to show that his counsel's performance in this matter was inadequate or prejudicial. As with any ineffective assistance of counsel claim, the burden was on Smith to prove that his counsel's performance was deficient. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. The record does not contain any testimony from Smith's prior attorneys who represented him on the guilty plea. "[W]here the record is incomplete or unclear about [counsel]'s actions,

§ 2243(d). However, "it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years." 18 U.S.C. § 2243(c)(1).

11

we will presume that he did what he should have done, and that he exercised reasonable professional judgment." Chandler v. United States, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc) (quotation marks and citation omitted). Smith's unsubstantiated allegation, made nine months after he pled guilty, that his attorney misled him is insufficient to rebut the strong presumption that counsel rendered adequate assistance. Even if we were to assume that counsel acted unprofessionally, Smith has failed to establish any prejudice. As noted, Smith admitted at the plea hearing that he knew the minor was under the age of sixteen at the time he had sexual relations with her. The government's proffer also indicated that the minor told Smith that she was under sixteen when they met, as did the minor's mother. Given these factors, it is unlikely this defense would have prevailed at trial. In other words, Smith cannot show any prejudice from his attorney's alleged error. See Hill, 474 U.S. at 59, 106 S. Ct. at 371. The record thus supports the district court's finding that Smith entered a knowing and voluntary plea.

Because Smith has failed to satisfy the first two prongs of the Buckles analysis, we need not address the last two. See Gonzalez-Mercado, 808 F.2d at 801. Accordingly, we conclude that the district judge did not abuse his discretion in denying Smith's motion to withdraw his guilty plea.

12

B. <u>Enhancement of Smith's Sentence</u>

Smith next contends that the district court erroneously enhanced his sentence under U.S.S.G. § 4B1.5 based on his previous conviction for sexual misconduct under Alabama Code § 13A-6-65.

We review "<u>de novo</u> the district court's interpretation of criminal statutes and sentencing guidelines." <u>United States v. Krawczak</u>, 331 F.3d 1302, 1305 (11th Cir. 2003). The sentencing guideline applied here, U.S.S.G. § 4B1.5, provides that any defendant convicted of a covered sex crime who has sustained at least one "sex offense conviction" is subject to an enhanced offense level and criminal history category. U.S.S.G. § 4B1.5. Smith's conviction under Chapter 109A, 18 U.S.C. § 2243(a), is a covered sex crime for purposes of U.S.S.G. § 4B1.5. <u>See</u> <u>id.</u> at comment. (n.2).

A "sex offense conviction" is defined in the repeat offender enhancement statutes of 18 U.S.C. § 2426(b) and 18 U.S.C. § 2247(b). <u>See</u> <u>id.</u> at comment. (n.3(A)(ii)) (defining "sex offense conviction" as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor"); 18 U.S.C. § 2247(b) ("In this section, the term 'prior sex offense conviction' has the meaning given that term in section 2426(b)."). Pursuant to § 2426(b)(1), a "prior sex offense conviction" includes a state conviction "consisting of conduct that

13

would have been an offense" under Chapters 117, 109A, or 110 of Title 18 of the United States Code, or 18 U.S.C. § 1591, if it had been committed in a federal jurisdiction. 18 U.S.C. § 2426(b)(1)(B). Here, the district court determined that Smith's prior state conviction for sexual misconduct under Alabama Code § 13A-6-65 triggered the enhancement statutes.

In making this determination, the district court looked behind the judgment of conviction to Smith's underlying conduct. Ordinarily, a sentencing court may "consider only the fact of conviction and the statutory definition of the prior offense." United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004) (quotation marks and citation omitted). This "categorical approach" prevents the court from conducting "mini-trials" on a defendant's prior conviction. Id. (quotation marks and citation omitted). A court may depart from this approach and consider the underlying conduct, however, when the sentence enhancement statute is based on a defendant's prior conduct or crime, rather than proof of the elements of a prior offense. See id. Additionally, the judgment of conviction and the underlying statute must be ambiguous. See id. at 1255. Such ambiguity may occur where the underlying state statute encompasses some offenses which trigger the enhancement statute and others which do not. See id.

In Breitweiser, for example, the defendant was convicted under a New

14

Jersey statute prohibiting the endangerment of child welfare. See id. The statute was ambiguous because a person convicted under the statute may have had sexual contact with a minor, or may have not. See id. It was thus impossible to tell from the face of the statute whether a conviction qualified as a "prior sex offense conviction" under 18 U.S.C. § 2247. Id. In addition to this ambiguity, the sentence enhancement statutes, 18 U.S.C. §§ 2247 and 2426(b)(1)(B), focused on the defendant's conduct and not on the prior offense's elements. See id. Accordingly, we concluded that the district court properly looked past the conviction to the defendant's underlying conduct. See id.

As in Breitweiser, the district court correctly looked behind the judgment of conviction to Smith's underlying conduct. First, the sentence enhancement statutes analyzed in Breitweiser are also at play here. Those statutes, 18 U.S.C. §§ 2247 and 2426(b)(1)(B)), are based on the defendant's prior conduct rather than proof of the elements of the prior offense. See id. Second, Smith's judgment of conviction is ambiguous because it stated only that he pled guilty to sexual misconduct without citing the specific subsection of the Alabama statute that he violated. Finally, the Alabama statute itself is ambiguous. That statute provides that a person commits the misdemeanor offense of sexual misconduct if:

> (1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by

15

[the crimes of first-degree rape] and [statutory/second-degree rape]; or with her consent where consent was obtained by the use of any fraud or artifice; or . . .

(3) He or she engages in deviate sexual intercourse[2] with another person under circumstances other than those covered by [the crimes of first-degree sodomy] and [second-degree sodomy]. Consent is no defense to a prosecution under this subdivision.

Ala. Code § 13A-6-65(a). Both of these subsections are ambiguous because they encompass some conduct that would be a qualifying federal sex offense under the enhancement statutes and some that would not.

For example, a male prison official would violate both 18 U.S.C. § 2243 and Alabama Code § 13A-6-65(a)(1) by having sex with a female prisoner when the consent was obtained by fraud. See 18 U.S.C. § 2243(b)[3] (criminalizing sexual acts between a prison official and a prisoner, regardless of consent); Ala. Code § 13A-6-65(a)(1) (criminalizing sex when the consent was obtained by fraud). However, outside the prison context, a man who obtained a woman's consent for

___

[2] Deviate sexual intercourse means "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." Ala. Code. § 13A-6-60(2).

[3] A person commits the offense of sexual abuse of a ward, who is in federal jurisdiction or a federal prison, if that person "knowingly engages in a sexual act with another person who is – (1) in official detention; and (2) under the custodial, supervisory, or disciplinary authority of the person so engaging." 18 U.S.C. § 2243(b).

sex through fraud would violate only Alabama law. See 18 U.S.C. § 2242(1)[4] (criminalizing a sexual act caused by a threat of non-physical force or non-physical fear, but not criminalizing a sexual act when the consent was obtained by fraud); Ala. Code § 13A-6-65(a)(1). Similarly, § 13A-6-65(a)(3) is ambiguous because a prison official having consensual sodomy with a prisoner would violate both that section and 18 U.S.C. § 2243(b). See 18 U.S.C. § 2243(b); Ala. Code § 13A-6-65(a)(3) (criminalizing consensual sodomy). However, consensual sodomy is not otherwise prohibited under Chapters 109A, 110, or 117 of Title 18.

As these examples demonstrate, it is impossible to tell from the face of Alabama Code § 13A-6-65 whether Smith's prior conviction satisfied the enhancement statutes. This ambiguity permitted the district court to look past the conviction to Smith's underlying conduct. See Breitweiser, 357 F.3d at 1255. The underlying conduct, sexual relations with a female who was between the ages of twelve and sixteen, was the same as alleged in the federal case except that it did not happen on a federal installation. Doc. 65 at 5. Smith's prior conviction thus qualified as a "prior sex offense conviction" under § 2426(b)(1)(B) because it would violate 18 U.S.C. § 2243(a) if committed within a federal jurisdiction. See

_____

[4] A person commits the crime of sexual abuse if he or she, while in a federal jurisdiction or prison, knowingly "causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping)." 18 U.S.C. § 2242(1).

17

18 U.S.C. § 2426(b)(1)(B).  Accordingly, the district court correctly enhanced Smith's sentence pursuant to U.S.S.G. § 4B1.5.

### III.  CONCLUSION

The district court did not abuse its discretion in denying Smith's motion to withdraw his guilty plea as Smith failed to establish any fair or just reason for a withdrawal.  The district court also correctly looked beyond the judgment of Smith's prior state conviction to determine that he qualified for a sentencing enhancement under U.S.S.G. § 4B1.5.  Accordingly, we AFFIRM Smith's conviction and sentence.

**AFFIRMED.**