[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2010
JOHN LEY
CLERK

No. 09-14357
Non-Argument Calendar
_____

D. C. Docket No. 08-00132-CR-J-32-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEVAR JAMES ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 21, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Levar James Anderson appeals the district court's order denying his motion

to withdraw his guilty plea, in which he argued that his plea was not knowingly made due to his trial counsel's ineffective assistance. Anderson pled guilty to (1) knowingly distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 4); (2) knowingly carrying and using a firearm with an obliterated serial number during and in relation to the offense charged in Count 4, in violation of 18 U.S.C. § 924(c) (Count 5); and (3) knowingly possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1) (Count 6). On appeal, Anderson argues that this guilty plea was not knowing and voluntary because his trial counsel failed to provide him with discovery documents before entry of the plea, gave him flawed advice concerning the § 924(c) charge, and failed to recognize a possible defense to the § 924(c) charge.

"We review the denial of a request to withdraw a guilty plea for abuse of discretion." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation omitted). Under this standard, we will only reverse a district court's decision if it is arbitrary or unreasonable. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). For the following reasons, we conclude that the district court's decision to deny Anderson's motion to withdraw his guilty plea was neither arbitrary nor unreasonable.

After a district court has accepted a defendant's plea, but before sentencing,

a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," a district court may consider the totality of circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Buckles*, 843 F.2d at 472 (citation omitted). Here, the district court determined that Anderson failed to demonstrate a "fair and just reason" for withdrawing his guilty plea because, under the first two factors of the *Buckles* test, he had close assistance of counsel and the plea was knowing and voluntary. We agree.

With respect to the close assistance of counsel, at the hearing on the motion to withdraw his guilty plea, Anderson testified that his attorney, David Makofka, was available to answer his questions during the plea hearing and had met with him when he was first arrested, as well as three or four more times at the jail. Anderson also indicated at the plea hearing that he had an adequate opportunity to discuss the plea agreement and consult with counsel. Anderson also stated during his plea colloquy with the court that he was satisfied with Makofka's advice and

3

understood the terms of the plea. There is a strong presumption that statements made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Anderson has not satisfied his heavy burden to show that his statements were false and that he did not have the close assistance of counsel at the time of entry of his guilty plea. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

With respect to whether a plea was knowing and voluntary, the district court satisfies its obligation by addressing three core concerns underlying Fed. R. Crim. P. 11 ("Rule 11"): "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000) (quotation omitted). Anderson argues that the district court erred in finding his plea knowing and voluntary because his counsel was ineffective. *See McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (explaining that a guilty plea is not knowing and voluntary if the defendant does not receive "reasonably effective assistance of counsel in connection with the decision to plead guilty").

The record belies Anderson's three allegations of ineffective assistance of counsel. First, Anderson claims that counsel failed to provide him with discovery

documents prior to the entry of his plea, but Makofka testified during the plea withdrawal hearing that he believed he had provided such documents to Anderson when he showed him video recordings of the drug transaction that were evidence. Makofka also stated that there was "no question in [his] mind" that Anderson had the documents by the date of the plea hearing.

Anderson next argues that counsel gave him flawed advice concerning the § 924(c) charge, specifically that Makofka erroneously advised him that he could be convicted of violating § 924(c) based on the mere presence of a firearm during the drug transaction. However, Makofka denied providing this advice at the plea withdrawal hearing. Rather, Makofka testified that he had explained to Anderson that if the jury found the presence of the firearm was for a purpose, and not merely coincidental, he could be convicted of the charge. Makofka also testified that he had multiple discussions with Anderson about the range of inferences the jury could draw from firearm's proximity to him during the drug transaction. This testimony is supported by Makofka's statements during the plea colloquy that Anderson understood that the "carry and use" element of the § 924(c) charge could be satisfied by constructive possession of the firearm, as well as Anderson's own statements to this effect.

Anderson's final ineffectiveness claim that Makofka failed to recognize a

5

possible defense to the § 924(c) charge—that the drug and gun transactions were separate and distinct transactions—is also without merit. Anderson admitted under oath during the plea hearing that he sold the firearm and drugs at the same time. He also admitted the facts underlying his guilty plea, including that he knowingly carried a firearm during the commission of a drug-trafficking offense. Given Anderson's admission and Makofka's testimony that the gun and drug transactions occurred "one right after the other," defending the § 924(c) charge on the ground that the gun and drugs were sold in two separate transactions would have been unlikely to succeed at trial. *See United States v. Timmons*, 283 F.3d 1246, 1251–52 (11th Cir. 2002) (affirming a § 924(c) conviction because "it would flout the purpose of the statute to hold anything but that the gun was carried 'during and in relation' to the drug offense" when it was transferred along with the drugs in a single transaction). Therefore, we conclude that Makofka's failure to pursue this defense did not fall below a threshold level of competence sufficient to satisfy the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) (articulating the two-prong test for determining, in post-conviction collateral proceedings, whether a defendant has been denied effective assistance of counsel: (1) the defendant must show that the counsel's performance fell below the threshold level of competence; and (2) the defendant

must show that the counsel's errors, due to deficient performance, prejudiced his defense such that the reliability of the result is undermined).[1]

Finally, with regard to all of Anderson's ineffectiveness allegations, Anderson argues that the district court should have credited his testimony over Makofka's based on consistencies between their testimonies. This argument is unavailing. First, Makofka's testimony was not consistent with Anderson's testimony in a number of respects. As discussed above, Makofka testified in contradiction to Anderson's testimony that (1) counsel did not provide him with discovery documents until after he entered his plea and (2) counsel told him the presence of a gun on the premises was sufficient to secure a § 924(c) conviction, regardless of whether he sold the gun first. We give great deference to a district court's credibility determinations unless they are "so inconsistent or improbable on [their] face that no reasonable factfinder could accept [them]." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotation omitted). *See also Buckles*, 843 F.2d at 472. Anderson has not demonstrated any reason why the district court's decision to credit Makofka's testimony over his own is not worthy of our deference.

---

[1] In *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985), the Supreme Court held that the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel.

Because we conclude that Anderson has not shown that his counsel was ineffective, we agree with the district court's assessment that his plea was knowing and voluntary. The magistrate judge reviewed with Anderson the elements of the crimes with which he was charged at the plea hearing, and Anderson indicated his understanding and submitted his plea. If the defendant received close assistance of counsel and entered his plea knowingly and voluntarily, we need not give "considerable weight" to the remaining *Buckles* factors. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir.1987).

In sum, the district court did not abuse its discretion in denying Anderson's motion to withdraw his guilty plea based on his trial counsel's ineffective assistance. The alleged deficiencies in counsel's performance are contradicted by the record, and, further, Anderson failed to show that he was prejudiced by the alleged deficiencies. Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2] Appellant's request for oral argument is denied.