[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10793
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00043-MW-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH-MICHAEL ELIAS MCFARLAND,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 26, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant pled guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and two counts of distributing α-Pyrrolidinovalerophenone ("Alpha-PVP"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced him to 132 months' imprisonment.  Defendant now argues that the district court abused its discretion by denying his motion to withdraw his guilty plea.  He also challenges the substantive reasonableness of his sentence.  After careful review, we affirm.

## I.    BACKGROUND

### A.    Facts[1]

In late summer 2015, a confidential informant arranged a meeting with Defendant to purchase a controlled substance known as "molly."  Before the scheduled meeting, Defendant informed the confidential informant that in addition to selling drugs, he also arranged the prostitution of a female, later determined to be J.W.  On September 1, 2015, Defendant was in the back seat of his brother's car with J.W. during a traffic stop and the officer conducting the stop told Defendant to be careful associating with J.W. because she was only 16 years old.

---

[1]  These facts are taken from the undisputed facts in the Presentence Investigation Report ("PSR").  *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (explaining that un-objected to facts in the PSR are deemed admitted for sentencing purposes).  But regardless, although Defendant raised various objections to the some of the facts presented in the PSR, he does not challenge the district court's rulings as to those objections on appeal.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating that arguments not raised on appeal are abandoned).

The next day, Defendant met with the confidential informant and sold him .5 grams of Alpha-PVP, not Molly.  Defendant also introduced the informant to J.W. Defendant later sent text messages, along with photographs of J.W., to the confidential informant and asked him whether he could find clients for the prostitution of J.W.

On September 3, 2015, the confidential informant again met with Defendant and purchased .6 grams of Alpha-PVP.  Defendant and the informant communicated through text messages later that day regarding the prostitution of J.W., and in a recorded phone call, Defendant and the informant arranged a weekend deal for J.W. with one of the informant's purported clients.  Defendant was arrested later that day.  A subsequent search of his cell phone revealed, among other things, two videos of Defendant holding a black revolver.

### B.    Procedural History

A federal grand jury subsequently charged Defendant with (1) one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) ("Count 1"); (2) two counts of distributing Alpha-PVP, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Counts 2 and 3"); and (3) one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 4").

3

Defendant initially pled not guilty and proceeded to trial. However, after selection of the jury, Defendant entered a plea agreement in which he agreed to plead guilty to Counts 1 through 3. In return, the Government agreed to dismiss Count 4.

At the change of plea hearing, Defendant acknowledged that he had reviewed the plea agreement with his attorney, and that he was pleading guilty of his own free will and was not coerced or threatened. He also acknowledged that he understood the charges against him and that he faced a ten-year mandatory minimum sentence as to Count 1. Defendant stated that he was satisfied with his attorney's representation of him. After confirming that Defendant did not have any questions and that there was nothing else of which the court should be aware, the district court found that Defendant was "alert" and "intelligent," understood the nature of the charges, and understood the consequences of pleading guilty, in particular the ten-year mandatory minimum sentence as to Count 1. Consequently, the district court accepted Defendant's guilty plea.

Nearly four months later and prior to sentencing, Defendant filed a *pro se* motion to withdraw his guilty plea. He argued that his attorney, Lucas Taylor, was ineffective because he had withheld favorable evidence from him.[2] Based on this

---

[2] Defendant was referring to emails that his sister received from the alleged victim, purportedly stating that Defendant did not commit the offense of sex trafficking of a minor. At the plea-

4

motion, Taylor moved to withdraw as Defendant's counsel. The district court granted Taylor's motion and appointed new counsel to Defendant, who subsequently filed a motion to withdraw Defendant's guilty plea. In this motion, Defendant asserted that he had shown a fair and just reason for withdrawal of his plea because Taylor had withheld potential exculpatory evidence and had failed to attend his presentence investigation interview.

At a subsequent hearing on the motion, Defendant raised for the first time that he wanted to withdraw his guilty plea because he did not understand what the term "mandatory minimum" meant and because Taylor pressured him into pleading guilty by lying to him about what his parents wanted him to do. Defendant testified that although Taylor had told him that ten years was the least amount of time he could be sentenced to, he did not explain that Defendant would be required to serve the entire ten years. Defendant thought that with gain time he would only have to serve approximately 7.5 years. Taylor also told him that his parents said he should go ahead and plead guilty. He explained that this factored heavily into his decision to plead guilty.

Taylor testified that he informed Defendant about the range of penalties, particularly the mandatory minimum, and that he never told Defendant he could

---

withdrawal hearing, Taylor testified that he advised Defendant early on that the emails from the victim would likely not be admissible at trial.

5

end up serving less than the full ten years.  He also stated that Defendant initially wanted to go to trial but later expressed interest in a guilty plea without the gun charge.  After securing the plea deal with the Government, Taylor spoke to Defendant "at great length" about the proffered deal.  Defendant's parents told Taylor that the decision about pleading guilty was up to Defendant and that they wanted Defendant to listen to Taylor's advice.  Taylor communicated this to Defendant, telling him that his parents were leaving the decision up to him and that he should consider Taylor's advice.  The district court ultimately denied Defendant's motion to withdraw his plea, concluding that he had close assistance of counsel, that his testimony during the plea hearing was truthful, and that his plea was knowing and voluntary.

In preparation for sentencing, the probation officer prepared the Presentence Investigation Report ("PSR").  As to the sex-trafficking offense, the PSR assigned Defendant a base offense level of 30 pursuant to U.S.S.G. § 2G1.3(a)(2).  He received a two-level enhancement under § 2G1.3(b)(3)(B) because the offense involved the use of a smart phone to facilitate the prostitution of a minor.  He also received a two-level obstruction-of-justice enhancement under U.S.S.G. § 3C1.1 because he denied material facts relating to the offense during the presentence

6

interview, resulting in an adjusted offense level of 34.[3]  Because he did not receive a reduction for acceptance of responsibility, his total offense level was 34.  Based on a total offense level of 34 and a criminal history category of I, Defendant's guideline range was 151 to 188 months' imprisonment.  The PSR also noted that Count 1 carried a statutory minimum of ten years' imprisonment.

At the sentencing hearing, the district court calculated a guideline range of 151 to 188 months' imprisonment based on a total offense level of 34 and a criminal history category of I.  Defendant requested a downward variance to the mandatory minimum of 120 months' imprisonment.  After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 132 months' imprisonment.  This appeal followed.

## II.    DISCUSSION

### A.    Denial of Motion to Withdraw Guilty Plea

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion and will reverse only if the denial was "arbitrary or unreasonable." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotations omitted).  A criminal defendant may withdraw a guilty plea prior to

---

[3]  Pursuant to U.S.S.G. § 3D1.4, the probation officer grouped Count 1 and Counts 2 and 3 separately.  As to the drug offenses, the PSR assigned Defendant a base offense level of 6 under U.S.S.G. § 2D1.1(c)(17).  With a 2-level enhancement under § 2D1.1(b)(1) because a firearm was possessed during the offense, and a 2-level enhancement for obstruction of justice, the adjusted offense level was 8.  Because Count 1 (sex trafficking offense) resulted in a greater adjusted offense level than Counts 2 and 3, the probation officer calculated a combined adjusted offense level of 34.

sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears a heavy burden to show that his guilty plea should be withdrawn. *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988).

To determine whether a defendant has shown a fair and just reason for withdrawing the plea, a court may consider the "totality of the circumstances surrounding the plea," including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Brehm*, 442 F.3d at 1298 (quoting *Buckles*, 843 F.2d at 472). If a defendant cannot satisfy the first two factors, the district court need not give "considerable weight" or "particular attention" to the remaining factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). The timing of the motion to withdraw is relevant because "[a] swift change of heart is itself strong indication that the plea was entered in haste and confusion." *Id.* (quotations omitted).

Here, the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea because Defendant failed to show a fair and just reason for withdrawal. As to close assistance of counsel, at the plea colloquy, Defendant stated that he discussed the terms of the plea agreement with Taylor, he

8

was satisfied with Taylor's representation, and he understood the terms of the agreement.  *See United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996) (concluding that defendant had close assistance of counsel where his attorney was "available and utilized extensively").  There is a strong presumption that statements made during the plea colloquy are true.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Given Defendant's affirmative responses that he received assistance from counsel and was satisfied with that assistance, the district court did not abuse its discretion by concluding that Defendant had entered his guilty plea with "close assistance of counsel."

With respect to whether a plea was entered into knowingly and voluntarily, the district court must address "three core concerns" under Federal Rule of Criminal Procedure 11:  "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea."  *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000) (quotations omitted).

Here, the district court's questioning of Defendant at the plea colloquy satisfied these three core concerns.  *See Brehm*, 442 F.3d at 1298 ("It does not amount to abuse of discretion when a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea.").  Defendant testified at the plea colloquy several times that no one, including Taylor, had threatened him or

9

otherwise forced him to plead guilty.  He acknowledged that he was pleading

guilty of his own free will.  The district court reviewed the elements of the crime

with Defendant and ensured that he understood the nature of the charges against

him.  The district court also confirmed that Defendant understood the rights he was

giving up and the consequences of pleading guilty, and in particular, the court

made sure that Defendant understood that Count 1 carried a mandatory minimum

sentence of ten years' imprisonment.

Defendant asserts that his guilty plea was not knowing and voluntary due to

his counsel's ineffectiveness.[4]  We have explained that a guilty plea is not knowing

and voluntary if the defendant did not receive "reasonably effective assistance of

counsel in connection with [his] decision to plead guilty."  *McCoy v. Wainwright*,

804 F.2d 1196, 1198 (11th Cir. 1986).  To show ineffective assistance of counsel,

the defendant must (1) show deficient performance and (2) prejudice.  *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984).  To establish prejudice in the context of a

challenged guilty plea, a defendant must show that, but for his counsel's errors, he

---

[4]  As the Government correctly points out, although Defendant raised the substance of his argument below—that is, that his counsel failed to properly explain the ten-year mandatory minimum and lied to him regarding what his parents said—this argument was not framed under the *Strickland v. Washington*, 466 U.S. 668 (1984) standard governing ineffective assistance of counsel claims.  We do not typically review ineffective assistance claims on direct review unless the record is sufficiently developed.  *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003).  However, because the district court heard testimony from Defendant and Taylor on these issues at the plea-withdrawal hearing and the Government addresses Defendant's ineffective assistance of counsel argument on appeal, we conclude that the record is sufficiently developed for our review.  Further, the claim falls within the broader analysis of whether Defendant provided a fair and just reason for withdrawal of his guilty plea.

would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

Defendant first argues that Taylor coerced him into pleading guilty by lying to him and telling him that his parents said he should go ahead and plead guilty. The district court, however, did not find Defendant's allegation to be credible. At the plea-withdrawal hearing, Taylor testified that he told Defendant that his parents said the decision was up to Defendant and that they wanted Defendant to follow Taylor's advice. The district court found Taylor's testimony credible. We defer to this credibility determination unless it is "so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotations omitted). Defendant has not demonstrated any reason why we should not defer to that determination. In fact, Defendant's failure to mention Taylor's alleged coercion in his *pro se* motion to withdraw his plea, or even in his later motion to withdraw his guilty plea that was filed by his new counsel, supports the district court's decision to credit Taylor's testimony over Defendant's.

Defendant also argues that he did not understand the consequences of pleading guilty because Taylor failed to explain that the ten-year mandatory minimum sentence meant that he would serve every single day in jail. The district court, however, found credible Taylor's testimony at the plea-withdrawal hearing

11

that he had explained the mandatory minimum sentence to Defendant and never told Defendant that he could serve less than ten years if he pled guilty to Count 1. Defendant again has not provided any reason why we should not defer to that determination. *See United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005) ("Where the fact[-]finding resolves a swearing match of witnesses, the resolution will almost never be clear error."). But regardless, Defendant cannot show that he would not have pled guilty and would have insisted on going to trial but for counsel's alleged error because the district court explained the mandatory minimum sentence at the plea colloquy. In fact, the district court explicitly stated that if Defendant pled guilty to Count 1, he would not get "one day less" than ten years unless he received a substantial assistance motion. The district court repeatedly confirmed that Defendant understood the ten-year mandatory minimum sentence. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *Cf. Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (concluding that defendant failed to show prejudice because any misinformation from counsel regarding plea consequences was "cured" by district court's colloquy).

The timing of Defendant's motion to withdraw his guilty plea is also relevant, as he filed the motion nearly four months after entering his guilty plea and after having received the Presentence Investigation Report. *See Buckles*, 843

12

F.2d at 473 ("The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks [to] withdrawal."). For all of the above reasons, we agree with the district court's conclusion that Defendant's plea was knowing and voluntary.

Because Defendant received close assistance of counsel and entered his plea knowingly and voluntarily, we need not give "considerable weight" to the final two factors, *i.e.*, conservation of judicial resources and prejudice to the Government. *See Gonzalez-Mercado*, 808 F.2d at 801 (explaining that we need not analyzing the two remaining factors based on determination that defendant failed to satisfy the first two factors). Even so, it is worth noting that judicial resources were already expended given that Defendant did not plead guilty until after the jury had already been selected. In short, Defendant has failed to show that the district court abused its discretion by denying his motion to withdraw his plea.

## B.     Substantive Reasonableness of Sentence

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first look to whether the district court committed any procedural error, and then we examine whether the sentence is substantively reasonable in

light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[5]  *Id.*

"A district court abuses its discretion when it (1) fails to afford consideration to

relevant factors that were due significant weight, (2) gives significant weight to an

improper or irrelevant factor, or (3) commits a clear error of judgment in

considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th

Cir. 2010) (en banc) (quotations omitted).  The party challenging the sentence

bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515

F.3d 1179, 1189 (11th Cir. 2008).

Defendant has not shown that his sentence is substantively unreasonable.

The district court imposed a 132-month sentence, which reflected a 19-month

downward variance from the guideline range of 151 to 188 months' imprisonment.

Because we generally expect a sentence imposed within the guideline range to be

reasonable, one would not typically expect a sentence <u>below</u> that range to

constitute an unreasonably high sentence.  *United States v. Hunt*, 526 F.3d 739,

746 (11th Cir. 2008) (explaining that, although we do not presume that a sentence

within the guideline range is reasonable, we typically expect it to be reasonable).

---

[5]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

Further, Defendant's sentence is well below the statutory maximum sentence of life imprisonment on Count 1. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness).

In imposing Defendant's sentence, the district court explicitly considered the mitigating and aggravating circumstances. The court acknowledged that Defendant's sex trafficking offense was not the most serious among the spectrum of sex trafficking cases and noted that Defendant's lack of criminal history was a relevant factor. Despite these mitigating circumstances, the district court determined that a sentence above the ten-year mandatory minimum was appropriate because Defendant obstructed justice and was "selling drugs [and] running around with guns" without regard for his safety or those around him. That the district court may have placed more weight on these aggravating factors was entirely within its discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations omitted)).

We are not persuaded by Defendant's argument that his obstruction of justice was a result of his counsel's failure to attend the presentence investigation interview. The PSR applied the enhancement because, during his interview, Defendant denied facts material to the guilty plea, including his involvement in the

15

prostitution of a minor.  Yet, at the sentencing hearing, when he was represented by new counsel, Defendant continued to deny any involvement.  In other words, the presence of counsel, or lack thereof, seems to have had no impact on Defendant's insistence that he had no involvement in prostitution.

In short, Defendant has not met his burden of showing that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190 (quotation omitted).

**AFFIRMED.**

16